UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID FLEMING, | : | CIVIL ACTION NO. 3:CV-13-0471 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| DELBERT SAUERS, Warden | : | |
| Respondent | : | |

FILED
SCRANTON
JUL 24 2013
PER ______
DEPUTY CLERK

**MEMORANDUM**

David Fleming, an inmate presently confined in the Allenwood Low Security Correctional Institution, ("LSCI-Allenwood"), White Deer, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as the sole Respondent is LSCI-Allenwood Warden Delbert Sauers. Petitioner's claim states in toto: "18 U.S.C. § 3624(c) Second Chance Act of 2007. This institution has knowingly separated me from family, disconnected via Tru-Links, and the government has taken all my financial resources." (Doc. 1, petition). Attached to the petition are several exhibits, the purpose of which is not explained. Id. at 9-13. Among the exhibits is one page of Fleming's Inmate Skills Development Plan and a copy of a Bureau of Prisons' (BOP) guidance memorandum dated November 14, 2008 regarding "Inmate Requests for Transfer to Residential Reentry Centers." Id. at 9-11. The petition is ripe for disposition, and for the reasons set forth below, will be dismissed.

**Background**

On January 3, 2008, Fleming was sentenced in the United States District Court for the Northern District of Indiana to a ninety-seven (97) month term of imprisonment followed by a five-year (5) period of supervision, for a conviction of receipt of material involving sexual

exploitation of minors. (Doc. 7, Ex. 1 (Declaration of Deanne Moore, LSCI-Allenwood Case Manager at ¶ 2; Att. 6, Program Review at 1). Fleming has been incarcerated at the LSCI-Allenwood since March 17, 2008. Id. Assuming Fleming earns all of his good conduct time credit, his projected release date is March 12, 2014. Id.

On April 9, 2008, subsequent to Fleming's sentencing, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, was signed into law. The Act increases the possible length of pre-release placement in an RRC from six (6) to twelve (12) months and requires the Bureau of Prisons ("BOP") to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008). In accordance with the statute, regulations were issued within ninety (90) days of the date of the enactment of the Second Chance Act, to ensure that placement in a community correctional facility by the Bureau of Prisons is conducted in a manner consistent with section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community. See 18 U.S.C. § 3624(c). Section 3621(b) states as follows:

> (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;

> 4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) title 28 ...
>
> ... Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment.

18 U.S.C. § 3621(b).

Following the passage of the Second Chance Act, the BOP issued two guidance memoranda dated April 14, 2008 and November 14, 2008, both of which required approval from the Regional Director for RRC placements of longer than six (6) months. See (Doc. 7, Ex. 1, Att. 7). Interim regulations passed on October 21, 2008, state that "[i]nmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. § 570.21(a). Id. Moreover, "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22. The regulations do not include a requirement that the Regional Director approve pre-release RRC placement beyond six months.

Recommendations for RRC placements ordinarily are reviewed with the inmate and the Unit Team seventeen (17) to nineteen (19) months before the inmate's probable release date. (Doc. 7, Ex. 1, Moore Decl. at ¶ 3). Referrals to the Community Corrections Manager ("CCM")

should be completed approximately two (2) months prior to the inmate's expected delivery date and the completed referral package should be forwarded to the CCM at least sixty (60) days prior to the maximum recommended range or date. ( Id. at ¶ 4; Att. 2, BOP Program Statement ("P.S.") 7310.04, Community Corrections Center Utilization and Transfer Procedures at 12-13). These recommendations and referrals are "based on assessments of inmate needs for services, public safety, and the necessity of the BOP to manage its inmate population responsibly." Id. at 7. Essentially, when assessing an inmate for recommendation, the Unit Team reviews the resources of the placement facility, the resources available to the inmate in that area, the nature and circumstances of the inmate's offense, the history and characteristics of the inmate, and any pertinent policy statement issued by the United States Sentencing Commission. Id. at 7-10; 18 U.S.C. § 3621(b). In addition, the inmate's institutional programming is separately reviewed to determine whether the inmate should receive additional placement time in a RRC as an incentive for his participation in skills development programming pursuant to 42 U.S.C. § 17541. Id. at ¶ 5.

Fleming has not yet been referred for RRC placement. (Doc. 7, Ex. 1, Moore Decl. at ¶ 9). The record reveals that on July 6, 2012, the BOP gave Fleming consideration for RRC placement under the five (5) factors stated in 18 U.S.C. § 3621(b), but due to uncertainty as to Fleming's residency upon release, the BOP cannot yet issue its final recommendation and refer him for RRC placement. (Doc. 7, Ex. 1 Moore Decl. at ¶¶ 4-10; Att. 3, Sauers Letter, Mar. 4, 2013; Att. 4, Transfer Denial Letter, Apr. 3, 2013; Att. 5, Community Programming Consideration/Re-Consideration Form, July 6, 2012; Att. 6, Program Review). As a result of the July 6, 2012 RRC consideration, it was determined that Fleming would likely be recommended for a RRC placement of 150 to 180 days, based on the five (5) factors contained in 18 U.S.C. § 3621

specific to Fleming. Id. at ¶ 10; Att. 5, Community Programming Consideration/Re-Consideration Form, July 6, 2012. However, Fleming's RRC referral packet has not yet been completed due to relocation concerns. Id. at ¶ 9.

On March 4, 2013, Respondent sent a request to the United States Probation Office in Indianapolis, Indiana because, although Fleming had been sentenced in the Northern District of Indiana, he desired to be released in the Southern District of Indiana. Id. at ¶ 6; Att. 3, Warden's Transfer Letter, Mar. 4, 2013. The probation office denied Fleming's request for relocation because his request was based on his desire to reside with his mother or father and neither of his parents are able to provide him a residence upon release. Id. at ¶ 7; Att. 4, Probation Transfer Denial Letter, Apr. 3, 2013. Therefore, Fleming will be released to the Northern District of Indiana, where he was sentenced. Id. at ¶ 8.

Prior to submitting an RRC referral for Fleming, his institutional programming and adjustment, education level, disciplinary record, prior criminal record, work history, residency issues, and circumstances of his current offense will be reviewed. Id. at ¶ 10.

On February 21, 2013, Petitioner filed the instant action, challenging the Unit Team's recommendation. (Doc. 1, petition). On May 6, 2013, Respondent filed a response to the petition for writ of habeas corpus, arguing that the petition should be dismissed because Petitioner's claim is premature and because the Petitioner has not alleged a violation of federal law, as is required for habeas relief to be available to the Petitioner. (Doc. 7, response). Although Petitioner was provided an opportunity to file a traverse, he did not file one.

**Discussion**

"Article III of the Constitution limits the "judicial Power" of the United States to the

adjudication of "Cases" or "Controversies." Pittsburgh Mack Sales & Service, Inc. v. International Union of Operating Engineers, Local Union No. 66, 580 F.3d 185, 190 (3d Cir. 2009)(quoting U.S. Const. art. III, § 2). "Courts enforce the case-or-controversy requirement through several justiciability doctrines that 'cluster about Article III.'" Id. (quoting Allen v. Wright, 468 U.S. 737, 750 (1984)). One of those doctrines is the ripeness doctrine. Id.

"Ripeness prevents courts from 'entangling themselves in abstract disagreements.'" Surrick v. Killion, 449 F.3d 520, 527 (3d Cir. 2006) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967)). "In determining whether a dispute has matured to a point to require judicial adjudication, courts must consider 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" Wyatt, Virgin Islands, Inc. v. Gov't of the Virgin Islands, 385 F.3d 801, 806 (3d Cir. 2004) (quoting Abbott Labs, 387 U.S. at 149). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. U.S., 523 U.S. 296, 300 (1998) (quoting Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580-81 (1985)). "Ripeness is a matter of degree whose threshold is notoriously hard to pinpoint." NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir. 2001).

The record in this case indicates that neither a final decision nor a final recommendation regarding the amount of time that Petitioner will be placed in a RRC has been made. Although it has been indicated that Petitioner will likely be recommended for 150-180 days in a RRC, it has also been indicated that a final decision has not yet been made. Absent a final determination by the BOP, the Court agrees with the Respondent that Petitioner's claim is not ripe. See Porter-Bey v. Bledsoe, No. 11-1322, 2012 WL 11211 (3d Cir. 2012).

In Porter-Bey, the United States Court of Appeals for the Third Circuit held, per curiam, that an inmate's habeas corpus claim was not ripe for judicial review because the inmate challenged the BOP's RRC placement decision before he had been actually referred for RRC placement. Id. at *2 (citing CEC Energy Co., Inc. v. Public Service Comm'n of Virgin Islands, 891 F.2d 1107, 1110 (3d Cir. 1989) (holding that fitness for review depends in part on "whether the decision represents the agency's definitive position on the question.")); see Stanko v. Obama, 393 F. App'x 849, 851 (3d Cir. 2010) (ruling inmate did not have standing to argue that he should have been considered for RRC placement earlier than seventeen or nineteen months before the end of his sentence). See also, Toledo v. Scism, 2010 WL 4056025 (M.D. Pa. Oct. 14, 2010) (finding inmate's claim to immediate placement in RRC premature); Griffin v. Holt, 2008 WL 5348138 (M.D. Pa., Dec. 17, 2008) (finding inmate lacked standing to challenge BOP RRC policy).

Accordingly, the petition for a writ of habeas corpus will be dismissed without prejudice as premature.[1] A separate Order will be issued.

Dated: July 24, 2013

**United States District Judge**

1. To the extent that Fleming challenges the location of the prison where he is incarcerated, BOP's decisions concerning his access to "Tru-links" (a BOP system that permits inmates to communicate electronically), and his financial resources, see (Doc. 1 at 6), claims that do not challenge the legality of detention are not properly raised in a habeas corpus claim pursuant to 28 U.S.C. § 2241. Preiser v. Rodriquez, 411 U.S. 475, 494 (1973) (holding that the traditional purpose of habeas corpus is to challenge the fact or length of confinement); Leamer v. Fauver, 288 F.3d 532, 544 (3d Cir. 2002) (stating, "[w]hen examining whether Preiser and its progeny require a claim to be brought under habeas, unless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought [pursuant to a civil rights action].").